UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Michael J Orta,
Autumn A Anderson,

DEBTORS.

CHAPTER 13
CASE NO. 13-46804-MBM
JUDGE MARCI B. MCIVOR

_____/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. Section II.C of debtors' Chapter 13 Plan states that debtors' Schedule I does not include a pro-ration for anticipated tax refunds. However, debtors' Schedule I appears to include such a pro-ration. In light of this inconsistency, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(1) and may fail to comply with 11 U.S.C. Section 1325(b).

2. Based on the Plan as filed, the debtors fail to provide for the submission of sufficient future earnings or future income for the execution of the Plan in contravention of 11 U.S.C. Section 1322(a)(1).

3. Based upon debtors' testimony at the First Meeting of Creditors, debtor has an obligation to pay a domestic support obligation. However, this obligation is not disclosed in debtors' Schedule E and it appears that the recipient of these payments is not included in the Matrix in this cause. Accordingly, the recipient of these payments, and any governmental agency involved in the receipt or transmission of these payments, have not received proper notice of these proceedings as required by F.R.Bankr.P. 2002 and F.R.Bankr.P. 3015.

4. The Plan fails to increase its funding upon the termination of the obligation to pay child support pursuant to 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

5. Based upon debtors' testimony at the First Meeting of Creditors, debtor has recently changed employment. However, debtors' have not amended Schedule I to disclose debtor's new employment and have not provided pay stubs or other proof of debtor's income from new employment. Without that documentation, debtors' Plan fails to evidence compliance with 11 U.S.C. Section 1325.

6. Based upon the debtor-wife's pay stub dated March 22, 2013, provided prior to the First Meeting of Creditors, the debtor's year-to-date gross income was in the amount of $6,070.65, which constitutes monthly net income in the average amount of $1,519.13. As the debtors' Schedule I exceeds the debtor's monthly net income by approximately $164.00, the debtors' Plan fails to comply with 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

7. Based upon debtors' testimony at the First Meeting of Creditors, debtors' also have a business named "Orbiting Solutions LLC". Debtors' received income from that business since the commencement of this case and, based upon debtors' testimony at the First Meeting of Creditors, debtors' intend to continue operating that business to generate income. However, debtors' Schedule I fails to account for any income from the operation of that business. Accordingly, debtors' Plan fails to comply with 11 U.S.C. Section 1325(b).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtors' Chapter 13 Plan unless modified to meet these objections.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: May 29, 2013          /s/ Thomas D. DeCarlo
DAVID WM. RUSKIN (P26803)
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Michael J Orta,
Autumn A Anderson,
DEBTORS.
_____/

CHAPTER 13
CASE NO. 13-46804-MBM
JUDGE MARCI B. MCIVOR

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO**
**CONFIRMATION OF CHAPTER 13 PLAN**

I hereby certify that on May 29, 2013, I electronically filed the TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

SWEENEY LAW OFFICES PLLC
30555 SOUTHFIELD RD
STE 400
SOUTHFIELD, MI  48073-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

Michael J Orta
Autumn A Anderson
527 Emerald Glen Drive
Manchester, MI 48158-0000

_____/s/ Jayme L. Clark_____
Jayme L. Clark
For the Office of the Chapter 13 Standing Trustee-Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755